---

EVERS v. GLYNN, State Comptroller.

(Supreme Court, Appellate Division, Third Department. May 6, 1908.)

1. STATES—CLAIMS AGAINST—NECESSITY OF PRESENTATION.

While the ordinary debtor must seek out his creditor, it is not so with the state; but to put it in default in payment of an ordinary claim the holder of the claim must apply to the proper state official, and present his claim and vouchers in the required form.

2. INTEREST—JUDGMENT.

    Under Code Civ. Proc. § 269, providing that interest shall be allowed on a judgment of the Court of Claims from its date till the twentieth day after the Comptroller is authorized to issue his warrant for its payment, or till payment, if it is paid sooner, but no such judgment shall be paid until a certified copy of it is filed with the Comptroller and certain other things are done, interest will be allowed on the judgment for only 20 days from its rendition; the claimant, instead of presenting to the Comptroller the necessary papers for payment, having been dissatisfied with the amount of her judgment and made an unsuccessful appeal therefrom, and the Comptroller having been ready to meet the obligation of the state when such necessary papers were presented.

    Chester, J., dissenting.

Appeal from Special Term, Albany County.

Application of Sarah Evers for mandamus against Martin M. Glynn, State Comptroller. From an order granting a peremptory writ directing payment of a judgment of the Court of Claims for lands appropriated for canal purposes, with interest from the date of judgment to the time of payment, the Comptroller appeals. Modified and affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

W. S. Jackson, Atty. Gen. (George P. Decker, of counsel), for appellant.

Holmes, Bryan & Holmes (John P. Holmes, of counsel), for respondent.

JOHN M. KELLOGG, J. Section 269 of the Code of Civil Procedure provides:

    "Interest shall be allowed on each judgment of the court of claims from the date thereof until the twentieth day after the Comptroller is authorized to issue his warrant for the payment thereof or until payment, if payment be made sooner. But no such judgment shall be paid until there shall be filed with the Comptroller a copy thereof duly certified by the clerk of the Court of Claims together with a certificate of the Attorney General that no appeal from such judgment has been or will be taken by the state, and a release and waiver by the attorney for the claimant of any lien for services upon said claimant's cause of action, claim, award, verdict, report, decision or judgment in favor of said claimant, which said attorney may have thereon under and by virtue of section 66 of the Code of Civil Procedure; and where damages are awarded for the permanent appropriation of land for a public use, there shall also be filed with the Comptroller a satisfactory abstract of title and certificate of search as to incumbrances, showing the person demanding such damages to be legally entitled thereto."

The plaintiff's judgment was recovered upon the 18th day of June, 1906, for an appropriation of land under section 4, c. 147, p. 337, of the Laws of 1903, as amended by chapter 365, p. 925, of Laws of 1906. The plaintiff was dissatisfied with the award and appealed to the Appellate Division, and after the decision of that court, May 7, 1907, adverse to her, and in November, 1907, she applied to the Comptroller for payment of the judgment; she claiming that it bore interest from its date to the time of payment, and the Comptroller claiming that it drew interest only for 20 days after its rendition, which dispute presents the question for determination here.

It is undisputed that at the time of the rendition of the judgment, and at all times thereafter, there were funds upon which the Comptroller could have drawn a warrant for the payment of said judgment. The ordinary debtor must seek out his creditor and pay him; but this rule does not apply to the state, and a person with a legal claim against the state must apply to the proper state official, present his claim and vouchers in the required form, and thereupon he becomes entitled to his money. In the absence of such action upon his part the state is not in default in payment of an ordinary claim. It would be impossible for the state to meet its claims otherwise, and that is the known manner in which such claims are paid.

The Comptroller was not authorized to pay this judgment until after the lapse of the time during which the state might bring an appeal, or until the Attorney General certified that no appeal would be brought. The moment it is determined that no appeal will be brought by the state, the judgment becomes an absolute claim against the state, and payment upon it is then due, and the Comptroller is then authorized to draw his warrant in payment of it. Before making payment certain vouchers and evidence must be presented to the Comptroller as to the claim, the identity of the claimant, and his right to receive the award. He must have a certified copy of the judgment and a receipt from the attorney who prosecuted the claim, which will free the state from the attorney's lien, and a search or abstract showing the "person demanding such damages to be legally entitled thereto," and also a certificate of the Attorney General that no appeal has been or will be taken. None of these facts thus required to be shown go to the authority of the Comptroller to issue his warrant for the payment of a judgment which has become absolute against the state. The receipt of the attorney and the claimant's receipt, as a matter of course, must be filed when payment is asked. A certified copy of the judgment is a proper part of the vouchers showing the claim to be paid. The search identifies the claimant as the owner of the land for which payment is to be made, and the certificate of the Attorney General is simply an evidence that one of the necessary facts which makes the judgment a complete claim against the state exists.

The amendment of section 4, c. 147, p. 337, of the Laws of 1903, provides that the Attorney General shall furnish to the Comptroller all necessary searches to prove the title to the lands taken, and this amendment became a law before the judgment of the Court of Claims was entered. The searches would naturally be in evidence before the Court of Claims, and it must be assumed that the Attorney General would perform his duty and deliver the searches and certificate to the Comptroller upon request. If he failed to perform either or both of those duties, he could be compelled by proper proceeding to perform them.

In this case, instead of presenting to the Comptroller the necessary vouchers for the plaintiff's claim for payment, the claimant appealed from the judgment to the Appellate Division, and so far as the evidence shows the Comptroller had no information that the judgment existed against the state until long afterwards, and when the necessary vouchers and papers were presented to him he was ready to meet the

obligation of the state. Neither the Comptroller nor any other officer of the state has neglected any duty with reference to the claimant, and she has suffered no delay on account of any action or inaction upon the part of the state and its officials. The delays have been her own.

It is unnecessary to consider further whether the claimant owed any duty to the Comptroller with reference to the searches or the certificate from the Attorney General, for the Comptroller could not be expected to obtain them until it is brought to his attention that some claim is made against the state in which they may be of use. We may assume that interest is allowed for 20 days after judgment to enable the proper vouchers and papers upon which payment can be made to be obtained.

It does not appear that any notice of judgment was served upon the Attorney General in order to limit the time to appeal, but the claimant should derive no benefit from her neglect to serve such notice. Neither is she aggrieved by the failure of the Attorney General to furnish the Comptroller the searches or the certificate, because she has not served upon either of those officers a copy of her judgment, and no active duty was charged upon them with reference to her until a copy of the judgment was served upon him. If this construction of the statute is not the correct one, a person having a judgment against the state may let it run indefinitely and draw 6 per cent. interest upon it, which is an excessive rate for the state to pay, and such interest would continue until the claimant presents the proper voucher and demands his money. Interest, when not provided by the terms of the contract, is usually considered as damages for default in making payment of money when it is due. I think, therefore, the spirit of the statute is fairly complied with if in this case the claimant is allowed interest upon her judgment for twenty days from the date of its rendition.

The order appealed from should therefore be modified as above, and, as modified, affirmed, without costs to either party. All concur, except CHESTER, J., who dissents.