(158 App. Div. 642.)

PEOPLE ex rel. HUTCHINSON v. SOHMER, State Comptroller.

(Supreme Court, Appellate Division, Third Department.   November 12, 1913.)

1. STATES (§ 184*)—CLAIMS—INTEREST.

Laws 1911, c. 856, effective July 29, 1911, created the board of claims, in effect abolishing the Court of Claims, and provided that, whenever reference is made in any statute to the Court of Claims, it should be deemed to refer to the board of claims, and that the determination of the board upon a claim should be known as a determination, instead of a judgment. The board organized, and on October 20th appointed a clerk.  Code Civ. Proc. § 269, provides that interest shall be allowed on each judgment of the Court of Claims from its date until the twentieth day after the comptroller is authorized to issue his warrant for its payment, or until payment, if made sooner, and that no such judgment shall be paid until there shall be filed with the comptroller a copy thereof, duly certified by the clerk of the board of claims.  On November 29, 1911, an owner of land condemned by the state received a copy of a judgment of the Court of Claims in his favor, dated November 14, 1911, signed and certified by the clerk of the Court of Claims, awarding him $9,000, with interest from August 10, 1910, the date of the appropriation, to November 14, 1911, and costs.  This was filed with the comptroller, and a receipt executed by the owner; but the comptroller refused to issue his warrant, on the ground that the judgment, being a judgment, instead of a determination, was irregular, and that the clerk of the Court of Claims had no power to certify it.  On March 7, 1912, the comptroller obtained a certification of the judgment by the clerk of the board of claims, and on March 9th issued his warrant.  Held that, if the clerk of the Court of Claims had no authority to certify the judgment or determination, he had no authority to enter, sign, and certify it, as was required by law to constitute the decision a judgment or determination, and hence no judgment existed until the certification thereof by the clerk of the board of claims on March 7, 1912, and under section 269 the owner was entitled to interest on the award from August 10, 1910, to March 9, 1912, and not merely until 20 days after November 14th.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 172–175; Dec. Dig. § 184.*]

2. STATES (§ 184*)—CLAIMS—BOARD OF CLAIMS—POWERS.

Under Laws 1911, c. 856, creating the board of claims, and providing that judges of the former Court of Claims then serving should be commissioners of claims, and constitute the board until their successors took office, the judges of the Court of Claims constituted the board of claims until the organization of the new board, and had all the authority later possessed by the new board, including the power to appoint a clerk.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 172–175; Dec. Dig. § 184.*]

Appeal from Special Term, Albany County.

Mandamus by the People of the State of New York, on relation of Samuel Hutchinson, against William Sohmer, as Comptroller of the State of New York.  From an order denying his application for a peremptory writ, directing the Comptroller to pay his claim for interest upon an award for land appropriated by the state for barge canal purposes, relator appeals.  Reversed, and writ granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Lynn Bros., of Rochester, for appellant.

Thomas Carmody, Atty. Gen. (James A. Parsons, of Albany, of counsel), for respondent.

LYON, J. August 10, 1910, lands of the relator, situate in the county of Monroe, were appropriated by the state for barge canal purposes. A claim on account thereof was duly presented, and in May, 1911, was heard by the Court of Claims. July 29, 1911, chapter 856 of the Laws of 1911, restoring the board of claims, and in effect abolishing the Court of Claims, went into effect. July 31, 1911, the claimant received notice from Charles E. Palmer, the clerk of the former Court of Claims, that an award had been made upon said claim. The new board of claims, consisting of the appointed commissioners, was organized early in October, 1911, by the appointment and qualification of three commissioners, and on October 20th the board appointed John V. Sheridan its clerk. November 29, 1911, the relator received from said Palmer a certified copy of the judgment of the Court of Claims, dated November 14, 1911, noted as decided July 29, 1911, signed "Charles E. Palmer, Clerk," and certified by him as clerk of the Court of Claims, awarding the relator $9,000, with interest from August 10, 1910, to November 14, 1911, and $40 costs, amounting in all to $9,721.

December 15, 1911, the relator filed with the respondent comptroller said certified copy of judgment, and the certificate of the Attorney General that no appeal would be taken from the judgment, and December 19, 1911, the relator received from the Attorney General a notice that the title, abstracts of which had been furnished by relator, was approved and in the hands of the comptroller. January 17, 1912, relator received from the comptroller a blank attorney's release, and an undated blank receipt, acknowledging receipt from the comptroller of his warrant on the treasurer of the state for the sum of $9,753.40, being the said amount of the award with $32.40 interest for the 20 days from November 14th to December 4th, "in payment of a determination of the board of claims made at a session of said board held on the 14th day of November, 1911." Said blanks were accompanied by a letter from the comptroller, stating: "On receipt of these papers in proper form, prompt payment of the claim will be made." On the day of the receipt of said blanks the relator, without having made any computation of interest, duly executed said receipt and release and returned the same, with waiver of attorney's lien for services, to the comptroller.

January 21, 1912, relator received from the comptroller a letter saying that he could not pay the judgment until he had received the opinion of the Attorney General relative to the jurisdiction of the Court of Claims and the board of claims. Thereafter the Attorney General informed the relator that the judgment, being certified by the clerk of the Court of Claims, and being a judgment, instead of a determination, was irregular, and could not be recognized and paid. February 27, 1912, the Court of Appeals, in the case of People ex rel. Swift v. Luce, 204 N. Y. 478, 97 N. E. 850, Ann. Cas. 1913C, 1151, af-

firmed, by a closely divided court, the lower courts in holding that chapter 856, Laws of 1911, abolishing the Court of Claims and re-establishing the board of claims, was constitutional. The Attorney General thereupon advised the comptroller that the former clerk of the Court of Claims had no power to certify a judgment or determination after the appointment of his successor as clerk of the board of claims. March 7, 1912, the state comptroller obtained a certification of the said judgment by the clerk of the board of claims, and on March 9th, inserting that date in said undated receipt, issued his warrant for the said sum of $9,753.40, which was received by the claimant March 12th, and which, as has been stated, included interest for 20 days after November 14th, the date of the entry of judgment, or to December 4th. The judgment amounted March 9, 1912, with interest thereon from the date thereof, to $9,907.30, and it is to compel the payment by the comptroller of the balance of $153.90, being the amount of the interest on the judgment from December 4, 1911, to March 9, 1912, that this proceeding has been instituted. The Special Term denied the application for a writ of mandamus, and it is from the order of denial that this appeal has been taken.

[1] The contention of respondent that relator is not entitled to interest is based mainly upon the alleged failure of relator to file a duly certified copy of the judgment with the comptroller prior to March 7, 1912. Respondent contends that Clerk Palmer was legislated out of office July 29th, and that therefore the certificate made by him and attached to the judgment or determination was invalid, and hence that the comptroller was not authorized to pay the judgment. Section 269 of the Code of Civil Procedure provides, the words "Court of Claims" being construed "board of claims," as provided by said act of 1911, that no judgment or determination shall be paid until there shall be filed with the comptroller a copy thereof duly certified by the clerk of the board of claims, and that the determination of the court shall be by a judgment or determination to be entered in a book to be kept by the clerk for that purpose and signed and certified by him. But, if Palmer had no authority to certify the judgment or determination, he had no authority to enter, sign, and certify it, as was required by law in order to constitute the decision a judgment or determination. Hence no judgment had been entered, and none existed until the certification by Clerk Sheridan, which act the state recognized and accepted as creating a valid determination and certification, and thereupon paid the amount specified in the warrant, which it had no authority to do prior to that time.

Relator was therefore entitled to interest upon the award from the time of the appropriation of the property, August 10, 1910, to the time of issuing the warrant therefor, March 9, 1912, pursuant to section 269 of the Code of Civil Procedure, providing that interest shall be allowed on each judgment from the date thereof until the twentieth day after the comptroller is authorized to issue his warrant for the payment thereof, or until payment, if payment be made sooner.

[2] If, perchance, Palmer had authority to sign the judgment or determination, he had authority the same day to certify it. Whether

Palmer was the clerk of the board of claims from July 29th until the appointment of Sheridan, October 20th, may not be very material; but in view of the statement made in one of the briefs it may be observed that the judges of the Court of Claims, having become commissioners of the board of claims July 29th, constituted the board of claims until the organization of the new board in October, and during that period had all the authority later possessed by the new board, included in which was the power to appoint a clerk.

The case of People ex rel. Evers v. Glynn, Comptroller, 126 App. Div. 519, 110 N. Y. Supp. 405, a decision of this court, is cited by respondent as authority for the contention that relator is entitled to interest for not exceeding 20 days after the date of entry of judgment, November 14th. But, in order that this decision shall be applicable, the judgment or determination so entered by Clerk Palmer must have been legally entered, which respondent claims was not the fact. Moreover, the facts in that case were very different from those in the case at bar. In that case a valid judgment had been entered, from which claimant had appealed. The comptroller was prepared and willing to meet the obligation from the time of the entry of the judgment, but the relator delayed presenting the necessary vouchers and other papers which would authorize the comptroller to make the payment, until after the determination of the appeal. The relator had not been prejudiced by the failure of the clerk of the court to furnish her a duly certified copy of the judgment, as section 269 of the Code of Civil Procedure required him to do within 10 days after the entry thereof. As the court remarked, all the delays were chargeable to the relator. In the case at bar, the relator has been guilty of no delay and has acted in good faith. The certified copy of the judgment which he furnished the comptroller was the identical paper which had been served upon him by a state official as in compliance with a statutory requirement, and he promptly furnished all other papers required to be furnished by him, all of which were retained by the comptroller.

We think the relator is entitled to be paid the balance of the interest from the time of the appropriation of his property by the state to the time of issuing the warrant, but interest should be computed, not upon the judgment, but upon the award of $9,000, from August 10, 1910, to March 9, 1912, to which should be added the costs of $40, and from which should be deducted the amount paid to the relator by the state, leaving a balance due the relator of $140.12, for the payment of which the relator is entitled to an order directing the issuance of a writ of mandamus requiring the comptroller to issue his warrant therefor.

Final order reversed, with costs, and mandamus directed as per opinion, with $10 costs and disbursements. All concur.