In the Matter of the Application of J. VAN VECHTEN OLCOTT, as
Receiver in Bankruptcy of the FERGUSON CONTRACTING COM-
PANY, for a Peremptory Mandamus Order against J. W. FLEM-
MING, as Comptroller of the State of New York.

Supreme Court, Albany Special Term, September 13, 1924.

Court of Claims — mandamus to compel state comptroller to pay interest
on judgment of Court of Claims — comptroller tendered warrant to
petitioner for amount of judgment plus interest for twenty days —
affirmance of judgment of Court of Claims by Appellate Division entered
December 1, 1922 — petitioner elected to appeal from judgment and
failed to apply to attorney-general for certificate that no appeal would
be taken by state — petitioner waived right to interest on judgment
after December 21, 1922 — state obligated to pay interest for twenty
days after entry of order affirming judgment of Court of Claims.

Upon a motion for a peremptory mandamus order requiring the state comptroller
to pay interest on a judgment recovered by the petitioner in the Court of
Claims, it appears that the judgment was entered in the office of the Court
of Claims on February 7, 1917; that a judgment and order of the Appellate
Division affirming said judgment was entered in the said clerk's office on Decem-
ber 1, 1922; that thereafter the petitioner filed an appeal to the Court of Appeals
which subsequently affirmed the judgment appealed from; and that the comp-
troller tendered payment of the amount of the judgment, with interest thereon
for twenty days, but refused to pay any further interest.

*Held,* that the petitioner, having elected to appeal from the order of the Appellate
Division affirming the judgment of the Court of Claims rather than to apply
to the attorney-general for his certificate that no appeal would be taken by
the state, waived the right to interest after December 21, 1922, the date to
which the state is obligated to pay interest within the provisions of section
25 of the Court of Claims Act, subdivisions 6 and 7 respectively. Therefore,
the petitioner is entitled to a peremptory mandamus order compelling the
state comptroller to issue a warrant for the payment of the judgment with interest
thereon from February 7, 1917, to December 21, 1922.

MOTION for a peremptory mandamus order requiring the comp-
troller of the state of New York to pay interest on a judgment.

*Davies, Auerbach & Cornell,* for the petitioner.

*Carl Sherman,* attorney-general, for the respondent.

NICHOLS, J. On March 27, 1913, the petitioner filed with the
Board of Claims (now Court of Claims) of the state of New York
a statement of claim against the state embracing twenty-two
items, separately stated as distinct causes of action, demanding
recovery of $402,164.36, with interest from May 13, 1909.

On February 7, 1917, judgment was duly entered in the office
of the clerk of the Court of Claims upon said claim of which the
following portion of said judgment is pertinent to this motion:

" Ordered and adjudged that in full settlement of the items designated in the statement of claim as First, Ninth, Tenth, and Nineteenth, and also in full settlement of the entire claim herein, the above named claimant, J. Van Vechten Olcott, as Receiver in Bankruptcy of the Fergusin Contracting Company, recover herein against the state of New York the sum of Fifty-seven thousand eight hundred and nine and 82/100 dollars ($57,809.82) with interest thereon from the first day of December, 1912, to the 7th day of February, 1917, the date of the entry of this judgment, to wit:   Fourteen thousand five hundred ten and 26/100 dollars ($14,510.26) amounting in all to the sum of Seventy-two thousand three hundred twenty and 8/100 dollars ($72,320.08), in full settlement of the claim herein."

March 2, 1917, the attorney-general served a notice of appeal from the part of said judgment above quoted.

The said judgment of the Court of Claims also provided as follows:

" Ordered and adjudged that the above named claimant is not entitled to recover as a matter of law anything upon the items designated in the statement of claim as Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Eleventh, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Twentieth and Twenty-second."

The petitioner filed a notice of appeal from that portion of the judgment last above quoted.

Both of said appeals were consolidated by an order of the Appellate Division entered March 25, 1922, and the appeals thus consolidated were determined by the Appellate Division by an order entered September 27, 1922, affirming the judgment appealed from.

Judgment of affirmance of said judgment was entered in the office of the clerk of the Court of Claims December 1, 1922.

On August 30, 1922, the petitioner filed an appeal to the Court of Appeals, no appeal being taken by the state.

January 1, 1924, the Court of Appeals affirmed the judgment appealed from by the petitioner.

A certified copy of the judgment of affirmance of the Court of Claims judgment was filed with the comptroller March 10, 1924. March 5, 1924, the attorney-general filed with the comptroller a certificate of no appeal.

On June 12, 1924, the petitioner filed with the comptroller a release and waiver of claimant's attorney of any lien for services, and at the same time delivered to the comptroller a satisfaction piece of said judgment conditionally, to be used only on payment

of said judgment with interest legally due thereon.    The comptroller has tendered to the petitioner a warrant for payment of $72,561.15, which is the amount of said judgment with interest for twenty days thereon, and has refused to pay any greater amount.

The said judgment is not payable from any of the various trust funds or sinking funds of the state, so that the entire controversy is the question whether the claimant is entitled to more than twenty days' interest on his judgment.

Section 269 of the Code of Civil Procedure provided, among other things: " Interest shall be allowed on each judgment of the court of claims from the date thereof until the twentieth day after the comptroller is authorized to issue his warrant for the payment thereof or until payment, if payment be made sooner.    *    *    * "

Said section 269 of the Code of Civil Procedure further provided, among other things, as follows: " *    *    *    But no such judgment shall be paid until there shall be filed with the comptroller a copy thereof duly certified by the clerk of the court of claims together with a certificate of the attorney-general that no appeal from such judgment has been or will be taken by the state, and a release and waiver by the attorney for the claimant of any lien for services upon said claimant's cause of action, claim, award, verdict, report, decision or judgment in favor of said claimant, which said attorney may have thereon under and by virtue of section four hundred and seventy-five of the Judiciary Law;    *    *    * "

Said section 269 of the Code of Civil Procedure above quoted from is now section 25 of the Court of Claims Act, subdivisions 6 and 7 respectively.

In *Evers* v. *Glynn*, 126 App. Div. 519, the court says: " The ordinary debtor must seek out his creditor and pay him.    But this rule does not apply to the state, and a person with a legal claim against the state must apply to the proper state official, present his claim and vouchers in the required form and thereupon he becomes entitled to his money.    In the absence of such action upon his part the state is not in default in payment of an ordinary claim."    It was, therefore, incumbent on the petitioner to apply to the attorney-general for his certificate that no appeal would be brought.

It is manifest that the attorney-general would not have granted such a certificate until after the judgment of affirmance in the Court of Claims.    Such a certificate would be false in fact.    As the Court of Appeals says in the case of *People ex rel. Palmer* v. *Travis*, 223 N. Y. 150, 154: " Should a claimant who has succeeded in the Court of Claims wish to be paid at once, such a certificate would reasonably be required.    Two courses are before the state.

It may pay and it may appeal. The alternative is no longer open. Nor could the court by mandamus or otherwise compel the attorney-general in this case to sign such a certificate. For it would be false in fact." And the same principle lies in the instant case. The petitioner could have applied for his certificate December 1, 1922, and the attorney-general could then say what action he desired to take. And the obligation of the state to pay interest continued for twenty days thereafter. Instead of seeking for his money at that time, the petitioner elected to appeal. He, therefore, waived the right to interest on his money after December 21, 1922.

The petitioner is, therefore, entitled to a peremptory mandamus order against the comptroller of the state of New York to compel him to issue a warrant to said petitioner for the payment of $72,320.08 with interest thereon from February 7, 1917, to December 21, 1922, together with fifty dollars costs and disbursements of this proceeding.

Ordered accordingly.