Henry W. Lengyel, J.
On May 20,1967,1 rendered a decision in the above appropriation claim for $7,733. It was filed in the office of the Clerk of the Court of Claims on May 22, 1967. Judgment was entered on June 9, 1967 in the sum of $8,266.58. This amount included $533.58 interest at the rate of 4% from September 22, 1964 to March 22, 1965 and at the rate of 6% from August 15, 1966 to June 9, 1967. Claimants, on June 22, 1967, appealed the judgment to the Appellate Division, Third Department. The State filed a certificate of no appeal on July 6,1967.
On April 21, 1969 the Appellate Division handed down a decision remitting the case for further proceedings not inconsistent with the appellate decision. (See Milsap v. State of New York, 32 A D 2d 586.) In that decision it was found that my findings as to direct damage were adequate but that the findings as to consequential damages were improper; and, that my decision in this respect was “ patently defective ”.
Pursuant to the appellate directive, I re-examined the consequential damages and arrived at a new award in the sum of $7,371. This award was $362 less than the initial award. My supplemental decision, dated May 19, 1969, was filed in the office of the Clerk of the Court of Claims on May 20, 1969. I was not certain whether, because of the reduction in the award, a new judgment should be entered. At my instruction, the clerk of the court forwarded the supplemental decision to the Appellate Division and requested instruction in this regard. By letter of June 11, 1969, Mr. O’Brien, the Clerk *528 of the Appellate Division, informed Mr. Clark, Clerk of this court, that a new judgment, based upon the supplemental decision, should be entered. On June 13,1969,1 signed an order directing vacation of the original judgment and entry of a new judgment based upon the supplemental decision. The new judgment was entered on June 16,1969. As it was considered merely a substitution for the original judgment, the same interest dates were utilized.
The claimant filed an appeal from the new judgment on July 2, 1969 and the State issued a certificate of no appeal on July 8,1969.
The Appellate Division, Third Department (32 A D 2d 1017), affirmed the second judgment, with costs, on July 8, 1969. On January 6, 1970, upon motion by claimants, the Appellate Division (33 A D 2d 941) modified the decision of July 8, 1969. The court stated: “ Motion to modify decision of July 8, 1969 (32 A D 2d 1017) granted, without costs, to the extent that the decretal paragraph is modified as follows: Judgment affirmed, without costs. This determination is without prejudice to an application in the Court of Claims by claimants, if so advised, to modify the judgment entered June 16, 1969 insofar as such judgment provides that interest on the award runs from August 15, 1966 to June 9, 1967.”
Claimants’ motion to modify said judgment with respect to said interest dates was brought under the authority of the quoted appellate determination.
The State opposed said motion. It took the position that, when the State filed its notice of no appeal on July 6, 1967, it had complied with subdivision 6 of section 20 of the Court of Claims Act and that claimants could have then received payment of the original judgment plus interest. It was, therefore, claimants’ choice to proceed with the appeal and, .as the appeal eventually was unsuccessful, claimants should not now benefit from the additional interest sought in this motion. The State cited the decisions of Sayre v. State of New York (128 N. Y. 622); Matter of Olcott v. Fleming (123 Misc. 677, affd. 214 App. Div. 741); and People ex rel. Evers v. Glynn (126 App. Div. 519) as supportive of its position. We have also considered the decision in People ex rel. Hutchinson v. Sohmer (158 App. Div. 642, 646).
Claimants’ counsel took the position that, as the judgment of June 16, 1969 is the only judgment existing against the State, interest must run to that date. He stated that to rule otherwise would be ‘ ‘ unjust, inequitable and contrary to the Court of Claims Act and the Law of the State of New York *529 As this is a novel situation, he did not cite any case law in support of his position.
When we examine the dates involved in the court considerations of this claim, we note that the time elapse between the original appellate determination of April 21, 1969 and the final appellate determination of July 8, 1969 was two months and eighteen days. As my decision was eventually affirmed, there is no doubt that, if I had included more detailed findings in my original decision, the original decision would have been affirmed on April 21, 1969 and this question would not be before me at this time. There seems also to be no question that, if I had made additional findings without changing the amount of the award, there would not have been any necessity to enter a new judgment and my original decision would have been affirmed on July 8, 1969. Of course, if I had made additional findings which increased the award, and such were accepted by the appellate court, the new modified appellate award would have carried interest to that date.
There is no question that my inadequate findings in the original decision caused the delay of about two and a half months. We do not believe that such delay justifies an increase in the interest period of slightly more than two years. Although the decrease in the trial award was an unusual, perhaps rare, result, particularly as the State had not appealed from the original award, it was one of the possible results that must be weighed when a litigant considers travel on appellate byways.
We find that the judgment of June 16, 1969 was substituted nunc pro tuno for the judgment of June 9, 1967. Claimants are not entitled to the relief sought herein. Motion denied.