Orest V. Maresca, J.
This matter has been submitted to this court on an agreed statement of facts.
On May 29,1962 plaintiff and her husband, Irving Fankuchen, now deceased, entered into a separation agreement which was later incorporated into a New York divorce decree.
By the terms of that agreement the husband agreed to keep in force a life insurance policy which was then in effect in the sum of $10,000 and agreed to ‘ ‘ continue the wife as the primary beneficiary of said policy to the extent of Five Thousand ($5,000.00) Dollars of the proceeds thereof.”
The policy was indorsed on May 8, 1963, so as to make the wife, plaintiff herein, primary beneficiary to the extent of one-half of the proceeds, and to make the insured’s sisters, the individual defendants herein, primary beneficiaries for the other half. This indorsement was in conformity with the terms of the separation agreement.
Thereafter, the insured maintained the policy in effect, but at the time of his death, had become indebted to the insurance company, Connecticut General Life Insurance Company, a *350 defendant herein in the sum of $3,958.82 for which loan the policy had been assigned as collateral. The death benefit proceeds of the policy had therefore been reduced to $6,041.18.
Upon the death of insured on July 29, 1967, and receipt of proof of death, the defendant Connecticut General Life Insurance Company paid one half of the proceeds to the sisters of insured and tendered one half of the proceeds to plaintiff as beneficiary. Plaintiff’s share under this computation came to $3,020.59. Plaintiff refused the amount tendered, claiming to be entitled to $5,000 of the proceeds.
Plaintiff claims to be a vested beneficiary and cites many cases in support of that position. As such beneficiary she could not be removed by the appointment of another beneficiary in her stead by the insured. Having become beneficiary for a valuable consideration, plaintiff acquired a vested interest and the insured relinquished his right to change the beneficiary . (Boffa v. Bove, 121 N. Y. S. 2d 709; Stronge v. Supreme Lodge, Knights of Pythias, 189 N. Y. 346; Zies v. New York Life Ins. Co., 237 App. Div. 367.)
By making the plaintiff primary beneficiary of one half of the proceeds of the life insurance policy insured complied with the terms of the separation agreement. Likewise, the designation of his sisters as primary beneficiaries for one half of the proceeds of the life insurance policy was within insured’s rights under the agreement.
The question remains whether the insured was able to defeat the rights of a vested beneficiary by borrowing against the policy.
Generally speaking, the rights of a beneficiary under an insurance policy are subject to the language and terms of the policy itself. (31 N. Y. Juris., Insurance, § 1462; May v. Prudential Ins. Co. of Amer., 93 N. Y. S. 2d 579, 583.)
There was no .requirement in the instant policy that the consent of beneficiaries be obtained for loans The insured was entitled to borrow from the company 1 ‘ upon the sole security and satisfactory assignment of the policy ’ ’.
In Briggs v. Prudential Ins. Co. of North Amer. (8 Misc 2d 891) the insured borrowed without his wife’s consent against his insurance policy, under which his wife was an irrevocable beneficiary. Because of these loans, .upon his failure to pay premiums the period of extended coverage expired prior to the husband’s death. The wife was denied any recovery against the insurance company for having made the loans without her consent because no such consent was required by the terms of the policy.
*351 In Ruckenstein v. Metropolitan Life Ins. Co. (263 N. Y. 204) the vested beneficiary’s proceeds were reduced by the borrowing of insured without the beneficiary’s consent and insured’s renegotiation of the policy because of the loans.
The court in Briggs commented on the Buchenstein case as follows (p. 892): “Accordingly this case [Buchenstein] is not authority, as plaintiff incorrectly contends, for the proposition that the irrevocable beneficiary of a life insurance policy has rights therein of which she cannot be divested without her consent. The case holds exactly the contrary. The rights of the beneficiary under a policy are subject to the language and terms of the provisions of the policy, itself, and accordingly, they may be destroyed by a change of beneficiary (where such right is reserved under the contract provisions of the policy) or rendered less valuable or destroyed by loans (where the right to grant loans to the insured is contained in the policy provisions, as it is here). (Wagner v. Thieriot, 203 App. Div. 757, affd. 236 N. Y. 588; Bradshaw v. Mutual Life Ins. Co. of New York 187 N. Y. 347.) ”
The defendant Connecticut General Life Insurance Company paid the proceeds to the sisters of the insured, the defendants Alice Marion Fankuchen and Ethel Grace Solovay, properly under the terms of the insurance contract, as their designation as beneficiaries by the insured was valid. Accordingly, plaintiff’s complaint as to those defendants is dismissed.
Because of this holding it is not necessary to deal with the sufficiency of notice of plaintiff’s attorney’s letter of August 4, 1967 to the defendant Connecticut General Life Insurance Company.
Plaintiff is entitled to receive from Connecticut General the sum of $3,020.59, one half of the proceeds of the policy with interest from the date of the receipt by the insurance company of the proof of death of the insured.
Defendant, Connecticut General claims that no interest is payable because it tendered to plaintiff the amount she is entitled to receive. However, that purported tender is not sufficient to stop the accrual of interest.
Defendant Connecticut General had the option of exercising the formal methods of unconditional tender available to debtors to stop the running of interest. It could have paid the money into court prior to suit under common-law tender or after suit pursuant to CPLB. 3219.
A valid and unconditional tender before suit of the money due under a contract if “kept good ” and paid into court before service of the answer has the effect of stopping the running of *352 interest upon the debt or obligation from the time of the tender and of preventing the recovery of costs. (32 N. Y. Jur., Interest and Usury, § 30.) “ If a debtor wishes to extinguish his liability for subsequently accruing interest, or demands some affirmative relief, he cannot retain the money, subject to his own use, but must devote it to the specific purpose of paying the debt, and put it within the power of the creditor to receive it at any time. He must keep his tender good.” (Nelson v. Loder, 132 N. Y. 288, 292; Jefferson Tit. & Mtge. Corp. v. Dempsey, 266 N. Y. 190; Halpin v. Phenix Ins. Co., 118 N. Y. 165.)
Plaintiff, pursuant to section 166-b of the Insurance Law, shall have judgment against defendant Connecticut General Life Insurance Company for the sum of $3,020.59 plus interest from August 23, 1967.
Plaintiff’s complaint against defendants Alice Marion Fankuchen and Ethel Grace Solovay is dismissed.