In the Matter of MAXWELL D. SILVERMAN et al., Respondents, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Appellants.

Third Department, May 31, 1973.

*Louis J. Lefkowitz, Attorney-General* (*Dennis Hurley* and *Ruth Kessler Toch* of counsel), for appellants.

*Jack Goodman* for respondents.

HERLIHY, P. J.  This is an appeal from a judgment of the Supreme Court at Special Term, entered February 8, 1973 in Albany County, which granted a petition, in a proceeding pursuant to CPLR article 78, to direct the Comptroller of the State of New York to pay the petitioner $27,000, plus interest thereon.

The petitioners were mortgagees of certain property, located in Troy, New York, which was appropriated pursuant to the Highway Law in the fall of 1968.

At the time of appropriation, there was $261,556.75 due and owing on the mortgage held by the petitioners. In 1969 the owners filed a claim in the Court of Claims for damages for the appropriation, the trial of which is still pending. By an agreement for partial payment, apparently between the fee owner of the premises and the State, pursuant to the then existing Highway Law (§ 30, subd. 13), the State paid $210,000 which represented 75% of the total value of the property as determined in the State's initial appraisal. Of the $210,000 paid out, the petitioners received $173,039.06,[1] leaving a balance due to the petitioners on the mortgage of $88,517.69. In June, 1970 the petitioners brought an action in the Court of Claims for that balance.

In 1971 the Legislature amended section 30 of the Highway Law to provide that the State offer 100% rather than 75% of the State appraised value of the claim in highway appropriation cases (L. 1971, ch. 1155). The petitioners then made a motion in the Court of Claims for an order directing the Comptroller to pay then $59,350, which was the difference between the State appraised value of the appropriated property[2] and the amount already paid out by the State. The motion was denied on the ground that the Court of Claims had no equity jurisdiction to make the order requested.

Subsequently, in May, 1972 the State and the owner-mortgagor of the appropriated property entered an agreement pursuant to the amended section 30 of the Highway Law whereby the State agreed to pay all but $27,000 of the balance of the State determined appraisal value. The $27,000 represented the rent due and owing to the State for the owner-mortgagor's continued use and occupancy of the appropriated premises for 15 months after the appropriation for an agreed rental rate of $1,800 per month. By the agreement, the State retained the $27,000 " pending the receipt of satisfactory proof as to the party or parties entitled to receive payment therefor ". The petitioners reserved their rights to the $27,000 in a subsequent release to the State.

In August, 1972 the petitioners made a motion in the Court of Claims to compel the State Comptroller to pay them the remaining $27,000. The order granting the motion was reversed by this court on the ground that the Court of Claims did not have

1. The balance of the money paid by the State went to satisfy senior encumbrances.

2. Sometime after the payment of the initial $210,000, the State's appraised value was revised downward from $280,000 to $269,350.

the equity power to make such an order (*Matter of Silverman* v. *Comptroller of State of N. Y.*, 40 A D 2d 225).[3]

On January 8, 1973 the petitioners commenced this article 78 proceeding seeking the $27,000. Mr. Justice HUNT granted the petition and directed the Comptroller to pay them the $27,000, plus interest thereon.

The State now appeals on three grounds: first, that the article 78 proceeding was not the proper procedure in which to determine the issues of this controversy; second, that there had been no "final settlement" prior to the commencement of this proceeding; and third, that the proceeding was barred by the four-month Statute of Limitations applicable to article 78 proceedings.

It appears that, in order to determine whether or not the petitioners may maintain a proceeding in the Supreme Court in regard to the $27,000, the substantive rights of the petitioners under subdivision 13 of section 30 of the Highway Law should first be determined. Present subdivision 13 of said section 30 provides that the respondent Commissioner of Transportation must offer to the owners the amount determined by him to be the value of the property and damages.

It was long ago determined that the damages actually awarded for the appropriation of the land subject to a mortgage are subject to the lien of the mortgage as if the award were the land and are to be paid to the mortgagee to the extent necessary to satisfy the lien of the mortgage (*Utter* v. *Richmond,* 112 N. Y. 610, 613). Section 30 of the Highway Law does not specifically define "an owner" for purposes of the advance payment provisions of subdivision 13. However, in the case of *East Riv. Sav. Bank* v. *State of New York* (266 App. Div. 494, 497, 498) this court held that statutory language relating to an owner as contained in chapter 678 of the Laws of 1928 would include a mortgagee. The language there under consideration was substantially similar to that contained in subdivision 13 of said section 30, and, accordingly, the owners to whom offers of advance payment must be made necessarily include mortgagees of the real property. It thus appears that the respondent, Commissioner of Transportation, was required by the terms of the statute to make an offer of advance payment to the petitioners-mortgagees herein. The record does not establish that any such direct offer of advance payment was ever made to the mortgagees herein; however, to the extent that the mort-

---

3. In that decision it was also held that chapter 1155, not chapter 1161, of the Laws of 1971 applied to appropriations made pursuant to the Highway Law.

gagees have, in fact, received moneys from the State pursuant to the terms of said subdivision 13, the statute has been complied with. Nevertheless, it appears that, as to the balance of $27,000, the Commissioner of Transportation has not yet made the advance payment offer as required by the Highway Law.

Subdivision 13-c of section 30 of the Highway Law specifically states that the person occupying the premises is to have rental deducted from the considerations to be paid by the State for the interest acquired from such tenant and any unpaid portion of the sum fixed for use and occupancy shall be a lien against any award, subject only to liens of record at the time of the vesting of title in the State. It is evident that the petitioners are entitled to the $27,000 as against any alleged lien of the State.

In the present proceeding it is established that any demands made by the petitioners heretofore in regard to the $27,000 were directed to the Comptroller and would not bar relief in the present proceeding as against the Commissioner of Transportation. Accordingly, the Statute of Limitations as to CPLR article 78 proceedings has not run. Furthermore, since it clearly appears that the Commissioner of Transportation has not carried out his duties pursuant to subdivision 13 of section 30 of the Highway Law, this proceeding in the nature of mandamus is the proper procedure.

While the statutory procedures indicate that there are ministerial functions to be performed prior to the actual payment of the $27,000 to the plaintiffs, it does not appear that such functions should bar the grant of the relief sought by the petitioners.

The judgment should be affirmed, with costs.

STALEY, JR., SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.