In the Matter of ROCHESTER CARTING COMPANY, Respondent, *v.* ARTHUR LEVITT, as Comptroller of the State of New York, Appellant.

Third Department, March 21, 1974.

---

72

*Louis J. Lefkowitz, Attorney-General (Richard J. Dorsey* and *Ruth Kessler Toch* of counsel), for appellant.

*Levy Feldman & Licata (Walter J. Licata* of counsel), for respondent.

MAIN, J.   This is an appeal from a judgment of the Supreme Court at Special Term, entered April 7, 1972 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, for a judgment directing respondent Comptroller to pay an additional sum of post-judgment interest on a judgment of the Court of Claims awarding damages for the State's appropriation of petitioner's real property.

On July 26, 1971 petitioner's judgment for the appropriation was entered in the office of the Clerk of the Court of Claims. No appeal was taken therefrom and on November 8, 1971 the award was duly paid, together with pre-judgment interest and post-judgment interest from the date of entry of the judgment until September 14, 1971.   Thus, interest was allowed in accordance with subdivision 7 of section 20 of the Court of Claims Act for 20 days after the time to appeal the judgment had expired on August 26, 1971.

Petitioner was unsatisfied with this result and demanded further interest on the judgment for the period from September 15, 1971 until the date of payment of the award and, when this

was denied, it instituted this proceeding pursuant to CPLR article 78, seeking annulment of the Comptroller's determination and an order directing payment of the additional interest. Special Term held that subdivision 7 of section 20 of the Court of Claims Act was unconstitutional in that it denied petitioner just compensation for its property by limiting the interest and ruled that petitioner was entitled to the further interest.

On this appeal the sole question to be decided is whether the trial court was correct in its interpretation of subdivision 7 of section 20 of the Court of Claims Act. That statute provides that interest shall be allowable on a judgment of the Court of Claims: " from the date thereof until the twentieth day after the comptroller is authorized to issue his warrant for the payment thereof or until payment, if payment is made sooner." We hold that such a limitation upon interest is not unconstitutional and, accordingly, reverse the judgment of Special Term.

In so doing, we recognize that petitioner is constitutionally guaranteed " just compensation " for its land (U. S. Const., 5th and 14th Amdts.; N. Y. Const., art. I, § 7, subd. [a]), and that such compensation ordinarily includes interest until the adjudication of the award as a measure of additional damages (*La Porte* v. *State of New York*, 6 N Y 2d 1, app. dsmd. 361 U. S. 116). However, we cannot accept petitioner's bald assertion that the statutorily imposed limitation upon its post-judgment interest allowance is unconstitutional in that it necessarily deprives petitioner of " just compensation."

In *People ex rel. Evers* v. *Glynn* (126 App. Div. 519), this court construed the predecessor of the statute herein under consideration which contained a similar 20-day time limitation and, in the course of its discussion, revealed the purpose of such legislation. The court explained that, contrary to the usual situation where a debtor must seek out and pay his creditor, a person with a legal claim against the State must seek out the appropriate State official and properly present his claim and vouchers, to be entitled to his money. Interest is therefore allowed for a 20-day period after entry of judgment to enable a claimant to obtain the necessary papers, after which it is denied, to prevent the drawing of interest indefinitely upon a claim not presented within a reasonable time. This *modus operandi* is deemed necessary so that the State can meet its many obligations and, consequently, absent the requisite initiative by a claimant, the State cannot be in default on its payment.

Reviewing the instant case in the light of this statutory analysis, we find nothing which warrants sustaining the result in the trial court. The questioned statute serves a legitimate

purpose and there is no assertion that it was applied negligently or unfairly. Petitioner, on the other hand, neglected to file a certified copy of its judgment with the Comptroller, a prerequisite to its receiving payment (Court of Claims Act, § 20, subd. 6). Thus, any delay in payment and resultant loss to petitioner can be traced directly to its own laxity and not to the unconstitutional denial of " just compensation ".

Statutes are presumed to be constitutional and the burden of showing the contrary is on the party asserting it (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 150, subd. b; *Fenster* v. *Leary*, 20 N Y 2d 309) who must demonstrate such fact beyond a reasonable doubt (*People* v. *Scott*, 26 N Y 2d 286; *Wiggins* v. *Town of Somers*, 4 N Y 2d 215). In this case, there is a lack of solid evidence to support the petitioner's protestations of unconstitutionality which by themselves will not suffice.

The judgment should be reversed, on the law and the facts, with costs.

HERLIHY, P. J., GREENBLOTT, COOKE and KANE, JJ., concur.

Judgment reversed, on the law and the facts, with costs.