■ In the Matter of SAMFRED BELT LINE CORPORATION, Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered July 6, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for a judgment compelling the Comptroller to pay an additional sum of postjudgment interests on a judgment of the Court of Claims awarding damages for the State's appropriation of petitioner's real property, and for injunctive relief. Following a judgment entered by the Court of Claims in favor of petitioner on July 14, 1976, the Attorney-General issued his certificate of no appeal on August 12, 1976. Petitioner filed this certificate of no appeal and a certified copy of the judgment with the Department of Audit and Control on January 3, 1977. The satisfaction of judgment and waiver of attorney's lien, together with title papers from the Department of Transportation, were filed by petitioner on January 10, 1977 and a check was drawn by the Department of Audit and Control on February 3, 1977, which included postjudgment interest from July 14, 1976 until September 1, 1976. The postjudgment calculation of interest was properly computed and thus Special Term correctly dismissed the petition in this proceeding. Interest on judgments of the Court of Claims is allowed from the date of the judgment until 20 days after the Comptroller is "authorized" to issue his warrant for the payment thereof (Court of Claims Act, § 20, subd 7). Petitioner argues that the Comptroller was not authorized to make payment until all of the forms required by subdivision 6 of section 20 of the Court of Claims Act were

requested of him, an event which did not occur until January 4, 1977. We disagree. The purpose behind the 20-day limitation on postjudgment interest is to encourage the prompt presentation of these judgments for payment, rather than letting them indefinitely draw interest against the State *(Matter of Rochester Carting Co. v Levitt,* 36 NY2d 264, 269). Thus, it is the petitioner's responsibility to file the required documents with the Comptroller, who is authorized to issue his warrant for payment when it is determined that no appeal will be brought by the State *(People ex rel. Evers v Glynn,* 126 App Div 519, 521). In this case, the State issued its certificate of no appeal through the Attorney-General on August 12, 1976, thereby terminating petitioner's right to further interest on September 1, 1976. We further agree with the conclusion reached by Special Term that petitioner did not show the existence of a statutory scheme abused by respondents to defeat petitioner's constitutional guarantee of full compensation. Finally, the recent amendment to subdivision 7 of section 20 of the Court of Claims Act (L 1978, ch 295, § 1) has rendered moot petitioner's demands for injunctive relief. Judgment affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.