█ In the Matter of 124 FERRY STREET REALTY CORP., Appellant, v LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered March 6, 1978 in Albany County, which granted petitioner's motion to reargue, directed respondent to pay petitioner postjudgment interest for the period of February 6, 1976 to June 23, 1976, and in all other respects dismissed petitioner's application pursuant to CPLR article 78. The petitioner's commercial real estate was appropriated by the State on March 21, 1968 and at that time the premises were subject to a mortgage. The State, on February 16, 1969, made an advance payment of $210,000 to the mortgagees on behalf of the petitioner. Following the appropriation, the petitioner remained in possession of the premises and duly executed a document which "authorized" the State "to deduct a rental fee at the rate of $1,800 per month from the amount due in settlement of the above-identified appropriation". The authorization specified December 1, 1968 as the beginning date for a rental fee and it appears that actually the petitioner paid some amounts directly to the State for rentals, but as of October 15, 1971, the sum of $27,000 represented the accrued rentals. On October 15, 1971 the State made an additional advance payment of $59,350 from which it deducted the sum of $27,000 to be retained "without interest" for the rental fees. Subsequently, this court, on May 31, 1973, affirmed a judgment directing the Comptroller of the State of New York to pay the withheld sum of $27,000 to the mortgagees (Matter of Silverman v Lefkowitz, 41 AD2d 442). On June 12, 1975 this court affirmed a Court of Claims award of $506,184 as the total damages payable for the appropriation (124 Ferry St. Realty Corp. v State of New York, 48 AD2d 959), and on July 2, 1975 this court finally determined a limited appeal by the mortgagees from the Court of Claims award in satisfaction of their lien (Silverman v State of New York, 48 AD2d 413). The Department of Audit and Control and/or the Comptroller has deducted from the petitioner's final award not only the authorized rental fee of $27,000, but also seeks to deduct interest on the monthly rental fee of $1,800 on and after the first day of each and every month of accrual for an additional deduction of $10,237.50. The further deduction of $2,882.16 has been made for the recoupment of additional interest payable to the mortgagees on and after January 21, 1974 when the Court of Claims award was made. The petitioner brought this proceeding to require the respondents to pay over the amounts deducted and, additionally, to secure postjudgment interest for delay by the State in paying the award. Special Term has found that the State wrongfully delayed payment after the petitioner corporation filed the necessary documents with the Comptroller and we find no substantial basis for disturbing its refusal to order the payment of interest during the period when the petitioner was in default of filing its required documents. (See Matter of Samfred Belt Line Corp. v Levitt, 66 AD2d 983.) There has been no factual showing which would support an estoppel against the State. (See Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668; Eden v Board of Trustees of State Univ. of N. Y., 49 AD2d 277, 284.) However, the present record discloses that the State at all times had the amount of the damages in its possession and the individual monthly rentals were satisfied as they accrued to the extent of the final award being of sufficient amount as it was in this case. Whatever delay there was in satisfying the rental fee agreement was not the fault of

the petitioner. The State made no counterclaim for rentals or interest in the Court of Claims. The Comptroller has failed as a matter of law to demonstrate any legal entitlement to the interest on rental items. The petitioner has limited its demand upon this appeal to $6,588.06 and its petition should be granted to that extent. The further deduction of interest in the amount of $2,882.16 after the award of the Court of Claims has no basis in law or fact. The indebtedness of the mortgage on and after the award of sufficient funds to pay the same was the obligation of the State *(Matter of Silverman v Lefkowitz, supra)*. Judgment modified, on the law, by inserting a new decretal paragraph directing respondent Comptroller of the State of New York to pay to petitioner, upon the presentation of such instruments as required by law, the principal sum of $9,470.22 with appropriate interest, and, as so modified, affirmed, with costs to petitioner. Settle order on notice. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.