OPINION OF THE COURT
Gerard M. Weisberg, J.
Is the State’s obligation to pay interest on a judgment waived when claimant declines to accept a payment conditioned on discontinuing her appeal? The issue has been characterized as "novel” by the attorney for the defendant, State of New York.
A judgment of this court was entered on June 21, 1985, in *889 favor of claimant, Saveria Pellegrino, for the wrongful death of her husband, Anthony, after an accident on a State highway. Due to the deceased’s culpable conduct, fault was apportioned equally. The amount of the judgment was $450,000, plus accrued interest (see, EPTL 5-4.3), for a total award of $555,034.13.
Claimant appealed, seeking to modify the court’s apportionment. Defendant cross-appealed, challenging both the finding of liability and the extent of damages. Both sides were directed to appear for a preargument conference at the Appellate Division on January 28, 1986. During the meeting, the attorney for the State offered to advise its insurance company to satisfy the judgment. Implicit in this offer was the provision that Mrs. Pellegrino discontinue her appeal. It was declined.
The judgment was affirmed (Pellegrino v State of New York, 121 AD2d 612), and a copy of the Appellate Division’s order was served upon defense counsel. In addition, a satisfaction of judgment was sent along with a covering letter requesting that it be held in escrow pending the payment of the judgment plus accrued interest from the date of entry of this court’s judgment.
Claimant’s attorney was then informed that the State had taken the position that it was not obligated to pay interest after the date of entry. On July 14, 1986, a draft in the judgment sum, without interest, was issued by the State’s insurer and transmitted. It was returned, along with a counter offer requesting that the draft be sent unconditionally.
Mrs. Pellegrino alleges that the State failed to utilize the procedural safeguards available to halt the running of interest. The State’s opposition is based on the theory that a defendant should not be required to pay interest on a judgment when the delay in payment is occasioned by a claimant’s appeal.
Every money judgment bears interest from the date of its entry. (CPLR 5003.) In the event of an appeal or an amendment to the judgment, interest runs from the date of entry of the original judgment and continues until the judgment is satisfied. (See, Matter of Foster v MVAIC, 36 Misc 2d 598; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5003.01, at 50-60.)
The award of postjudgment interest is a penalty for delayed payment of the judgment. (Matter of Rochester Carting Co. v Levitt, 36 NY2d 264, 268.) Liability for subsequently accruing *890 interest can be avoided where the judgment debtor makes an unconditional tender of payment to the creditor or deposits the amount with the court. (Meilak v Atlantic Cement Co., 30 AD2d 254; Lanni v Spallina, 39 Misc 2d 639; see, Fankuchen v Fankuchen, 63 Misc 2d 348.)
Where the State is a defendant, a statutory procedure implements this principle. (Court of Claims Act § 20 [5-a].) Under it, the Comptroller "upon the recommendation of the attorney general may deposit in a special account all or any part of the amount directed to be paid in the judgment.” Interest on the deposit is not allowed 20 days after claimant or his attorney receives written notification by the Comptroller that the latter is ready to pay the amount "upon presentation of the instruments and vouchers required by law”. Such deposit and payment is "without prejudice” to the appellate rights of the State or the claimant.
Defendant argues that this statute has served as the basis for a denial of interest in cases where there has been an appeal by a claimant. This is incorrect. The cases cited address the situation where there has been a failure to file the documents required to be submitted to the Comptroller as a condition precedent to payment of a judgment. (See, People ex rel. Evers v Glynn, 126 App Div 519.) These items are referred to in Court of Claims Act § 20 (5-a), and specified in Court of Claims Act § 20 (6). Before a claimant is constrained to file those documents, however, there must be some indication that the State is willing to pay the award. (Court of Claims Act § 20 [5-a]; see, People ex rel. Hutchinson v Sohmer, 158 App Div 642.) The issuance by the Attorney-General of a certificate of no appeal will serve to stop the running of interest by providing such notice. (Matter of Samfred Belt Line Corp. v Levitt, 66 AD2d 983, 984; see, Milsap v State of New York, 62 Misc 2d 527; see also, Court of Claims Act § 20 [7].) This was never done in the instant case. Indeed, payment by an insurer, not the Comptroller, will ultimately be required, a fact which puts the relevance of the above-cited cases in doubt.
The State additionally has drawn our attention to Matter of Olcott v Flemming (123 Misc 677, affd 214 App Div 741). Reliance on this case is misplaced. Olcott states (p 679) that it is "incumbent on [the claimant] to apply to the attorney-general for his certificate that no appeal [will] be brought.” However, the statute the court was dealing with has been extensively revised in the 60 years following the decision. (See, L 1978, ch 295; L 1961, ch 656; L 1950, ch 565.) Additionally, *891 its reasoning has been implicitly overruled. (Matter of Samfred Belt Line Corp. v Levitt, supra.)
Turning to the circumstances of the case at bar, the tender of payment by the State at all times was conditional. When claimant’s attorney requested that it be made unconditional, there was no response. The State argues that its contract with its insurer relieved it from complying with the requirements of Court of Claims Act § 20 (5-a), and that it was not required to have the Attorney-General advise the Comptroller to deposit the award in a special fund. Assuming this is so, it was not at the same time exempted from the operation of general principles of law pertinent to this situation. Under those rules, only an unconditional tender or payment into a special fund of the court stops the running of postjudgment interest. (Moscow Fire Ins. Co. v Heckscher & Gottlieb, 260 App Div 646, affd 285 NY 674.)
Specifically, defendant contends that since interest is a penalty for the delay in payment of a judgment, Mrs. Pellegrino should be estopped from receiving interest because of her "dilatory” conduct by prosecuting her appeal. There have been situations where a plaintiff has been denied interest on equitable grounds.
For example, in a recent Third Department decision, the Appellate Division denied interest where the plaintiff unsuccessfully engaged in a series of actions designed to vacate and set aside a settlement which had been approved by an order of the Surrogate’s Court. At all times subsequent to its entry, defendants were unconditionally willing to pay the stipulated amount and it was "no one other than plaintiff’s attorney himself, who * * * prevented a final resolution of this matter by engaging in dilatory tactics.” (Juracka v Ferrara, 120 AD2d 822, 824.) An analogous situation arose in Ariola v Petro Trucking Corp. (50 Misc 2d 216), another case cited by the State. There were, in that case, several claimants to a judgment and defendants moved for an order directing the manner in which payment should be made. The amount of the award was not put in issue. Pursuant to the subsequently entered order, a substantial portion of the judgment was paid to plaintiffs’ attorneys. One of the other claimants appealed from the order of distribution and thereafter defendants refrained from making subsequent payments. In these circumstances, defendants were relieved from making payments of interest during the time the appeal from the order was pending. The court expressly cited in support of its conclusion *892 "efforts expended by defendants in order to effect the payment of the judgment” (Ariola v Petro Trucking Corp., supra, p 218).
In contrast, there were no circumstances in this case which put either the amount of the judgment or its recipient in doubt. Nor did claimant engage in any tactic that could be described as dilatory. (Cf. Juracka v Ferrara, supra.) She merely sought to exercise her right to have her claim reviewed by an appellate court. No action by Mrs. Pellegrino prevented the defendant from, at any time, tendering the amount of this court’s judgment. There is simply no support in law or logic for the State’s proposition that an offer of payment conditioned on foregoing an appeal should be characterized as "unconditional”. Acceptance of the tender after the affirmance may have prejudiced claimant’s right to interest and that offer also cannot be deemed sufficiently unqualified to relieve defendant of its statutory obligation under CPLR 5003. (See, Beaudrias v State, 47 NYS2d 509.)
Upon the foregoing, claimant’s motion is granted and defendant is directed to pay the judgment with appropriate interest from the date of entry of June 21, 1985 until the date of satisfaction.
Since the defendant’s insurer and not the Comptroller of the State of New York will be ultimately responsible, we do not deem the order entered herewith to be beyond the scope of this court’s limited jurisdiction. (Cf. Matter of Silverman v Comptroller of State of N. Y., 40 AD2d 225.)