■ CONCERT RADIO, INC., Respondent, v GAF CORPORATION et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (David B. Saxe, J.), entered July 26, 1989, which denied defendants' motion for summary judgment and granted plaintiff's cross motion for summary judgment declaring defendants liable to plaintiff for $459,511.83 in additional postjudgment interest, unanimously affirmed, with costs and disbursements.

Plaintiff commenced an action seeking specific performance or, alternatively, money damages against defendants predicated upon a breach of an option agreement requiring defendants to sell it radio station WNCN-FM upon the happening of a certain event. After trial, plaintiff was awarded specific performance. This court affirmed the finding of a breach but vacated the award of specific performance and remanded the case for an inquest. (108 AD2d 273.) Both an appeal and cross appeal to the Court of Appeals were dismissed for lack of finality. (65 NY2d 1052.) The parties thereafter stipulated to damages and a judgment of $4,042,465 was entered on August 18, 1987. On August 25, 1987, defendants tendered certified checks for the payment of the judgment plus interest, which were refused by plaintiff as defendants would not accept a condition that acceptance was without prejudice to an appeal seeking specific performance. Plaintiff moved the court for permission to appeal which was denied. Plaintiff then moved and defendants cross-moved the Court of Appeals which

granted leave to appeal (71 NY2d 803) and thereafter, on November 29, 1988, affirmed (73 NY2d 766). On November 30, 1988, defendants tendered judgment with interest from August 18 to August 25, 1987 and November 29 to November 30, 1988. Plaintiff filed a partial satisfaction of judgment and commenced this action for additional postjudgment interest.

Because defendants neither kept the tender good by putting it within the power of the creditor to receive at any time *(Jefferson Tit. & Mtge. Corp. v Dempsey,* 266 NY 190, 195), nor deposited it in court pursuant to CPLR 5021 (a) (3), but instead used it as general corporate funds, defendants are liable for all subsequently accruing interest. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Ellerin, JJ.