■ DONALD R. COHEN, Appellant, v BARBARA SIMMONS, Respondent. [658 NYS2d 29] —Judgment, Supreme Court, Bronx County (Kenneth Thompson, J.), entered March 12, 1996, upon a verdict apportioning liability 60% against plaintiff and 40% against defendant and awarding plaintiff unapportioned damages of $14,500 for past pain and suffering, $16,500 for future pain and suffering, $155,000 for past lost earnings, $0 for future earnings, and $10,000 for past medical expenses, and, upon defendant's stipulation in lieu of a new trial on damages, apportioning liability 40% against plaintiff and 60% against defendant, unanimously modified, on the facts, and the matter remanded for a new trial on the issue of damages for past and future pain and suffering only, and otherwise affirmed, without costs, unless within 30 days from the date of this order defendant shall stipulate to increase the unapportioned damages for past pain and suffering to $95,000 and for future pain and suffering to $105,000 and to entry of the amended judgment in accordance therewith, in which event the judgment is affirmed, without costs.

Plaintiff's motion for a directed verdict was properly denied, there being a valid line of reasoning that could have led to the finding that plaintiff was partly at fault for the accident (see, *Cohen v Hallmark Cards*, 45 NY2d 493, 499). The jury could have found that plaintiff should have exercised more vigilance or driven at a slower rate of speed while going through the parking lot, particularly since it was foreseeable that cars would be backing out of parking spaces. Furthermore, based upon the testimony that defendant's decedent backed out of the parking space very slowly, and the photographs showing the damage to plaintiff's car, the jury could have found that plaintiff should have seen defendant's decedent's car back out,

and taken evasive action. However, the jury's apportionment of liability 60% against plaintiff was against the weight of the evidence and properly set aside to the extent of granting a new trial unless defendant stipulated to a 40% apportionment against plaintiff. While no fair interpretation of the evidence, which showed that the decedent backed out of the parking space after looking in his rear-view mirror and to his left and right, but not behind him (see, Vehicle and Traffic Law § 1211 [a]; McLaurin v Ryder Truck Rental, 123 AD2d 671), could lead to a finding that the accident was not primarily the fault of the decedent, the trial court's finding that the decedent could not have been more than 60% liable has support in the record, and we defer thereto (see, Nicastro v Park, 113 AD2d 129).

The trial court's inquiries during trial were made to clarify and elicit relevant testimony and did not indicate a bias against plaintiff's case (see, Campbell v Rogers & Wells, 218 AD2d 576, 579). Plaintiff's claim that the court should not have allowed the jury to deduct his medical expenses from the award for past pain and suffering is unpreserved for review, plaintiff having agreed to the procedure used by the court to rectify the inadvertent error of having given the jury a verdict sheet without a line for out-of-pocket medical expenses. In any event, the jury having indicated that it had already considered medical expenses but merely combined them with another damage category, it could hardly have been confused by the direction to return to the jury room to reconsider the verdict and report in accordance with the instructions of the court (Schlimmeyer v Yurkiw, 50 AD2d 616, 617). While the court erred in giving a missing witness charge with respect to a physician who examined plaintiff on one occasion only in order to refer him to a physical therapist in his office, and did not diagnose or treat him (cf., Dukes v Rotem, 191 AD2d 35, 39, appeal dismissed 82 NY2d 886), we find that the error was not so prejudicial to plaintiff as to warrant a new trial.

Upon review of the jury's damages awards, we find that those for past and future pain and suffering deviate materially from what is reasonable compensation under the circumstances (CPLR 5501 [c]) and modify accordingly.

Plaintiff's remaining claims are without merit. Concur— Wallach, J. P., Rubin, Williams and Andrias, JJ.