■ DONALD R. COHEN, Appellant, v TRANSCONTINENTAL INSURANCE COMPANY, Doing Business as CNA INSURANCE COMPANIES, Respondent. [693 NYS2d 529] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered June 29, 1998, which denied plaintiff's motion for summary judgment seeking an order directing that defendant pay the amended judgment in the underlying action with costs, disbursements and interest from the date of the verdict, and granted defendant's cross-motion to modify and resettle the amended judgment, unanimously reversed, on the law, with costs, defendant's cross-motion denied, and plaintiff's motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff brought a personal injury action against defendant's insured, Richard Simmons. Plaintiff was found 40% negligent and defendant's insured 60% negligent. On March 12, 1996, a judgment was entered in the amount of $117,600, plus interest and disbursements, for a total of $123,934.40. Plaintiff filed a notice of appeal, hoping to increase the damage award. Subsequently, on May 24, 1996, defendant mailed plaintiff a check for $126,382.40. The accompanying letter stated that this sum represented the judgment plus interest until May 31, 1996, and requested a satisfaction of judgment in return. The letter went on to say that if plaintiff did not accept the check, defendant would apply for leave to deposit the payment with the court so as to halt the accrual of interest. In a letter dated May 31, plaintiff rejected the offer on the grounds that his appeal was pending.

Defendant then made an unopposed motion to deposit the funds into escrow with the court. The motion court denied it as academic, saying that defendant's tender of the check to plaintiff on May 24 was unconditional and therefore stopped the accrual of postjudgment interest pursuant to CPLR 5003.

On June 5, 1997, this Court ordered a new trial on damages unless defendant's insured would stipulate to increase the damages to $219,000 plus interest, costs and disbursements (*Cohen v Simmons*, 240 AD2d 191). Defendant's insured so stipulated. However, on August 28, 1997, defendant sent plaintiff a check for $219,000, which bore the inscription "FULL & FINAL SETTLEMENT ALL CLAIMS". Plaintiff refused to accept the check, because it did not include interest, costs and disbursements as required by this Court's order. An amended judgment reflecting the increased award was entered on September 8, 1997.

In November 1997, plaintiff commenced the instant action seeking to compel defendant to pay the amended judgment. Plaintiff moved for summary judgment pursuant to Insurance Law § 3420 (a) (2). Defendant cross-moved for an order modifying and resettling the amended judgment to eliminate the obligation to pay postjudgment interest, on the grounds that defendant's unconditional tenders of payment in May 1996 and August 1997 had stopped the accrual of interest (*Meiselman v Allstate Ins. Co.*, 197 AD2d 561). The IAS Court denied plaintiff's motion and granted defendant's cross-motion to resettle the judgment accordingly. This was error.

Plaintiff correctly contends that neither offer of payment by defendant was unconditional and therefore was not a tender that would stop the accrual of interest (*Rodriguez v Rodriguez*, 93 AD2d 748, 749). The first offer, in May 1996, was conditioned

on plaintiff's signing a satisfaction of judgment, which would have required plaintiff to abandon his pending appeal. A party may not appeal from a judgment after accepting its benefits and executing an unqualified accord and satisfaction (*Mid-State Precast Sys. v Corbetta Constr. Co.*, 223 AD2d 776, 777). An offer of payment conditioned on a waiver of his right to appeal is not an unconditional tender (*Pellegrino v State of New York*, 133 Misc 2d 888, 891-892, *affd* 139 AD2d 502). Similarly, the second offer of payment, in August 1997, if accepted, would have required plaintiff to endorse a $219,000 check marked "FULL & FINAL SETTLEMENT ALL CLAIMS" even though this check was only for the amount of the amended judgment and did not include the interest, costs and disbursements awarded by this Court. Plaintiff would thereby have been estopped from seeking these additional sums to which he was otherwise entitled (*see, Itoh & Co. [Am.] v Honerkamp Co.*, 99 AD2d 417, 418). This offer was once again implicitly conditioned on plaintiff's relinquishment of a legal right and could not operate to cut off the accrual of interest. As defendant conceded, absent an unconditional tender, it would owe plaintiff interest from the date of entry of the original judgment.

Additionally, we note that the IAS Court lacked the power to resettle the underlying judgment. The judgment was entered in a separate action (*Cohen v Simmons*), not in the instant plenary action where the resettlement motion was made (*Cohen v Transcontinental Ins. Co.*). The proper way for defendant to challenge the underlying judgment would be to appeal from the judgment or move to vacate it. A court in one action cannot substantively amend a binding judgment in a related but separate action (*Roth v South Nassau Communities Hosp.*, 239 AD2d 331). Insurance Law § 3420 (a) (2), pursuant to which plaintiff brought this plenary action to enforce the judgment, provides no mechanism for collateral attack on specific provisions of the judgment. Concur—Rosenberger, J. P., Mazzarelli, Rubin, Andrias and Buckley, JJ.