■ SHARON E. GARIGEN et al., Respondents, v DARLENE M. MORROW, Appellant. [757 NYS2d 422] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered April 17, 2002, which granted plaintiffs' motion to amend the judgment to award plaintiffs postjudgment interest, costs and disbursements.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiffs' motion to amend the judgment to award plaintiffs postjudgment interest, costs and disbursements. Defendant contends that plaintiffs are equitably estopped from seeking postjudgment interest because they twice refused her insurer's tender of payment. We disagree. "Absent an unconditional tender of payment of a judgment, postjudgment interest continues to accrue" (*Michaels v United States Tennis Assn.,* 295 AD2d 222, 222 [2002]). Here, both tenders of payment did not include the interest, costs and disbursements awarded by the court, and plaintiffs would have been estopped from seeking those additional sums to which they were entitled had they accepted either tender of payment (*see Cohen v Transcontinental Ins. Co.,* 262 AD2d 189, 191 [1999]). The tenders of payment, therefore, were not unconditional because they were implicitly conditioned on plaintiffs' relinquishment of a legal right (*see id.*).

We also reject defendant's contention that any interest should run from June 8, 2001, the date on which we affirmed the judgment (*Garigen v Morrow,* 284 AD2d 921 [2001]). Section 5002 of the CPLR provides that "[i]nterest shall be

recovered upon the total sum awarded, including interest * * * from the date the verdict was rendered * * * to the date of entry of final judgment." Consequently, plaintiffs are entitled to interest from the date of the verdict on July 2, 1999 to the date of entry of the judgment on April 27, 2000 (*see id.*). In addition, the record is devoid of proof that plaintiffs engaged in any inequitable or dilatory conduct that would preclude their entitlement to postjudgment interest (*see Greenberg v Greenberg*, 269 AD2d 354, 355 [2000]). Thus, plaintiffs are entitled to statutory interest of nine percent from the date of the verdict (*see generally* CPLR 5004). Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.