899 So.2d 1213 (2005)
Wayne ISMARK, Appellant/Cross-Appellee,
v.
W.G. MILLS, INC., Appellee/Cross-Appellant.
No. 2D03-4119.
District Court of Appeal of Florida, Second District.
April 15, 2005.
Jawdet I. Rubaii and Jack F. White, III, of Jawdet I. Rubaii, P.A., Clearwater, for Appellant/Cross-Appellee.
Steven J. Chase, Jennifer B. Compton, and Kimberly J. Madison of Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, for Appellee/Cross-Appellant.
ALTENBERND, Chief Judge.
Wayne Ismark appeals a declaratory judgment entered in an action he brought against his former employer, W.G. Mills, Inc. Mr. Ismark filed the action for declaratory judgment, claiming that he was entitled to a large sum of money as a result of his interpretation of his employment agreement, a stock option agreement, and a stock redemption agreement. W.G. Mills counterclaimed in the action, seeking rescission or reformation of the *1214 contracts. The judgment on appeal grants W.G. Mills' request for reformation and effectively accepts its interpretation of the agreements. We affirm without further comment the reformation of the contracts. We reverse, however, that portion of the judgment that denied Mr. Ismark's claim for prejudgment interest on the amounts due to him under the stock redemption agreement as reformed.
A portion of this lawsuit involved the amounts due to Mr. Ismark on December 15, 1999, under the stock redemption agreement. W.G. Mills never disputed that a redemption payment was owed but contended the amount owed was $49,952. Mr. Ismark interpreted the contract to require a much higher payment. Prior to trial, W.G. Mills offered to pay $49,952 to Mr. Ismark as the amount owed under the stock redemption agreement, but it conditioned the payment upon him signing a full release of all his claims. Mr. Ismark refused this tender.
W.G. Mills asserted that its offer was effectively a tender that precluded an award of prejudgment interest. We assume, without deciding, that the monetary terms of the offer to pay were sufficient to serve as a formal tender. See 28 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts §§ 72:27, 72:29 (4th ed. 2003) (defining tender in part as "an unconditional offer of payment consisting of the actual production of a sum not less than the amount due on a particular obligation" and setting forth the essential elements of a valid tender); see also Campbell v. Turner, 744 So.2d 1261, 1263 (Fla. 1st DCA 1999) (discussing distinction between "offer" and "tender"). However, a tender of sums due on a date certain under a contract will stop the accrual of prejudgment interest only when the tender is absolute and unconditional. James A. Cummings, Inc. v. Young, 589 So.2d 950 (Fla. 3d DCA 1991) (citing Lindsay v. Matthews, 17 Fla. 575 (1880)); see also Cohen v. Transcon. Ins. Co., 262 A.D.2d 189, 693 N.Y.S.2d 529, 531 (1999). Here, the evidence was undisputed that the tender was conditioned upon the signing of a release as to all claims and not merely a release of the claim for the amount offered to be paid under the stock redemption agreement. Although Mr. Ismark was ultimately unsuccessful in his claim that additional amounts were due to him under the various agreements, W.G. Mills' offer of payment did not qualify as a tender because it was conditioned upon Mr. Ismark's release of all claims. Mr. Ismark was thus entitled to prejudgment interest on the amount that W.G. Mills acknowledged was due under the stock redemption agreement. See RDR Computer Consulting Corp. v. Eurodirect, Inc., 884 So.2d 1053, 1055 (Fla. 2d DCA 2004) (holding that as a matter of law claimant was entitled to an award of prejudgment interest on damages that were liquidated as of a date certain; citing Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985)).
We therefore reverse that portion of the judgment denying Mr. Ismark's claim for prejudgment interest and remand for the court to calculate the prejudgment interest due. We affirm the remainder of the judgment.
Affirmed in part, reversed in part, and remanded.
STRINGER and SILBERMAN, JJ., Concur.