Triadou SPV S.A. v CF 135 Flat LLC (2019 NY Slip Op 04279)





Triadou SPV S.A. v CF 135 Flat LLC


2019 NY Slip Op 04279


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9480 653462/14

[*1]Triadou SPV S.A., Plaintiff-Respondent,
v
CF 135 Flat LLC, et al., Defendants-Appellants.


Sukenik, Segal & Graff, P.C., New York (David Salhanick of counsel), for appellants.
Kravit Smith LLP, New York (Philip M. Smith of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about March 30, 2018, which declared that defendants owed post-judgment interest on the four separate judgments entered against them, unanimously affirmed, without costs.
Defendants' deposit of full payment on the judgments entered against it to a court monitored escrow account (the Monitorship Account) was not unconditional, such that it did not stop the accrual of post-judgment interest (see Cohen v Transcontinental Ins. Co. , 262 AD2d 189, 191 [1st Dept 1999] [absent an unconditional tender, defendant would owe plaintiff interest from the date of entry of the original judgment]; see also Garigen v Morrow , 303 AD2d 956 [4th Dept 2003]). Defendants' payment to the Monitorship Account was conditioned on plaintiff relinquishing its right to pursue two additional claims for breach of contract and forego its right to post-judgment interest on those claims (see Concert Radio, Inc. v GAF Corp. , 159 AD2d 258 [1st Dept 1990]).
Contrary to defendants' arguments, the payment to the Monitorship Account was not a "deposit to the court," as it was not "pursuant to an order of the court, made upon motion" (CPLR § 5021[a][3]). Further, imposing post-judgment interest would not be inequitable because defendants intentionally defied court orders requiring remittance of the amounts it owed and delayed collection without proper justification.
We have considered the defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK