Triadou SPV S.A. v CF 135 Flat LLC (2019 NY Slip Op 06453)





Triadou SPV S.A. v CF 135 Flat LLC


2019 NY Slip Op 06453


Decided on September 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 10, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9480 653462/14

[*1]Triadou SPV S.A., Plaintiff-Respondent,
v
CF 135 Flat LLC, et al., Defendants-Appellants.


Sukenik, Segal & Graff, P.C., New York (David Salhanick of counsel), for appellants.
Kravit Smith LLP, New York (Philip M. Smith of counsel), for respondent.



Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about March 30, 2018, which declared that defendants owed post-judgment interest on the four separate judgments entered against them, unanimously affirmed, without costs.
Defendants' deposit of full payment on the judgments entered against it to a court monitored escrow account (the Monitorship Account) was not unconditional, such that it did not stop the accrual of post-judgment interest (see Cohen v Transcontinental Ins. Co. , 262 AD2d 189, 191 [1st Dept 1999] [absent an unconditional tender, defendant would owe plaintiff interest from the date of entry of the original judgment]; see also Garigen v Morrow , 303 AD2d 956 [4th Dept 2003]). Although the Monitorship Order expressly directed the Monitor to collect the judgment amounts and expressly provides for the collection of "pre- and post-judgment interest," such funds could not be further transferred until further order of the court. Moreover, the Monitorship Order reflects that the parties were not waiving "any rights, defenses or claims not set forth in the agreed order" by stipulating to the appointment of such Monitor. Accordingly, defendants' payment to the Monitorship Account was conditioned on defendants preserving both their defenses to plaintiff's claims, and defendants' direct claims to those funds.
Contrary to defendants' arguments, the payment to the Monitorship Account was not a "deposit to the court," as it was not "pursuant to an order of the court, made upon motion" (CPLR 5021[a][3]). Rather under the circumstances, the Monitorship Account functioned simply as an escrow account while the defendants continued to oppose plaintiff's claims and pursue their own.
We have considered the defendants' remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on May 30, 2019 is hereby recalled and vacated (see M-3505 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 10, 2019
CLERK