Allied World Assur. Co. (U.S.) Inc. v Greater N.Y. Mut. Ins. Co. (2024 NY Slip Op 00259)

Allied World Assur. Co. (U.S.) Inc. v Greater N.Y. Mut. Ins. Co.

2024 NY Slip Op 00259

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Index No. 651635/21 Appeal No. 1511-1512 Case No. 2023-03085, 2023-03668 

[*1]Allied World Assurance Company (U.S.) Inc., Plaintiff-Respondent,
v
Greater New York Mutual Insurance Company, Defendant-Appellant. 

Kinney Lisovicz Reilly & Wolff P.C., New York (Michael S. Chuven of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York (Eric Arthur Portuguese of counsel), for respondent.

Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered July 21, 2023, in favor of plaintiff Allied World Assurance Company (U.S.) Inc. (AWAC) and against defendant Greater New York Mutual Insurance Company (GNY) in the total amount of $228,033.78, and bringing up for review an order, same court and Justice, entered May 22, 2023, which granted AWAC's motion for summary judgment declaring that GNY is obligated to contribute $187,565.61 plus statutory interest from February 26, 2021, toward the settlement of the underlying personal injury action and denied GNY's cross-motion for summary judgment declaring that GNY owes no obligation to pay AWAC any money and dismissing the complaint, unanimously modified, on the law, the judgment vacated, AWAC's motion for summary judgment denied, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent with this order. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
GNY was the primary insurer and AWAC was the excess insurer of the defendant in the underlying personal injury action. GNY's general liability policy included a supplementary payments provision (SPP) that obligated GNY to pay, with respect to any suit it defended, an additional amount of court costs, prejudgment interest, and postjudgment interest. With respect to GNY's ability to terminate its prejudgment interest obligation, the SPP provided that if GNY made "an offer to pay the applicable limit of insurance, [GNY] will not pay any prejudgment interest based on the period of time after the offer." Similarly, with respect to GNY's ability to terminate its postjudgment interest obligation, the SPP provided that GNY would pay interest that accrued "before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance."
On February 10, 2020, the jury in the underlying action rendered a $3.3 million verdict in favor of the injured party. On February 12, 2020, GNY sent AWAC a letter stating that "in consideration of the verdict," it was tendering to AWAC $1,000,000, the GNY policy limit, with the tender to be construed as an "offer to settle under the terms of the policy." The judgment in the underlying action was entered on July 27, 2020 in the total amount of $3,439,406, including prejudgment interest at the statutory 9% rate, plus costs and disbursements. On February 4, 2021, AWAC entered into a postjudgment settlement and release of the underlying action for $3.15 million, and on February 26, 2021, AWAC paid $2.15 million towards the settlement. The parties now dispute GNY's responsibility for the prejudgment and postjudgment interest that accrued in connection with their defense of the underlying action.
We agree with Supreme Court that GNY's February 12, 2020 letter failed to terminate its obligation under the SPP to pay accrued interest. An offer terminating an insurer's [*2]obligation to pay must be a "tender" of the policy limit, and an offer is not a tender if it is conditional (see Cohen v Transcontinental Ins. Co. , 262 AD2d 189, 190 [1st Dept 1999]). The offer in GNY's February 12 letter was manifestly conditional, stating that the tender was to be construed as an "offer to settle under the terms of the policy" and that it was "contingent upon" AWAC's written agreement that GNY was not responsible for the postjudgment interest.
Nevertheless, we also find that AWAC did not make the showing necessary to reduce its share of the settlement payment, as it failed to establish the amount of interest that was factored into the payment settling the underlying action (see Moleon v Kreisler Borg Florman Gen. Constr. Co. , 304 AD2d 337, 339 [1st Dept 2003] [a party seeking to impose an insurance contract payment obligation bears the burden of proving that the payment sought is properly required]). AWAC made no showing that the accrued interest was actually a component of the settlement, as the $3.3 million verdict did not include interest and the release in the underlying action did not make any reference to the payment of interest as part of the settlement. Furthermore, even assuming that the accrued interest was a component of the settlement, AWAC did not
make a specific showing as to exactly what portion of the settlement constituted interest. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024